# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEE JENKINS, | CV F   02 5397 OWW SMS P |
| Plaintiff, | |
| v. | ORDER  DENYING MOTION FOR RECONSIDERATION (Doc. 59.) |
| BAUMLER, et.al., | |
| Defendants. / | |

Christopher Lee Jenkins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**A. PROCEDURAL HISTORY**

Plaintiff filed the instant action on April 16, 2002.  On August 12, 2002, plaintiff filed an Amended Complaint.  Plaintiff moved to submit Second Amended Complaint and lodged the complaint on January 9, 2003.  The Court granted plaintiff's request and the Second Amended Complaint was filed on April 2, 2003.  Also on April 2, 2003, the Court dismissed the Second

1

Amended Complaint with leave to amend. A Third Amended Complaint was filed by plaintiff on June 27, 2003. Plaintiff moved to amend the Third Amended Complaint on September 2, 2003. The request was granted on November 7, 2003, plaintiff filed a Fourth Amended Complaint.

On March 9, 2005, the Court dismissed the Fourth Amended Complaint with leave to amend and informed Plaintiff that he could file a Fifth Amended Complaint curing the defects outlined by the Court, or inform the Court that he wished to proceed on the claims found cognizable and dismiss those not cognizable. Plaintiff filed a Fifth Amended Complaint on June 6, 2005, and the case stayed pending awaiting screening by the Court.

On July 27, 2006, Plaintiff filed a Motion informing the Court that he wished to proceed on the retaliation claim against Defendant Baumler which the Court found cognizable in the Fourth Amended Complaint. Plaintiff also indicated that he wished to dismiss all other claims against the Defendants and that he wished to dismiss the Fifth Amended Complaint itself. The Court then issued a separate order granting Plaintiff's request and issuing a Recommendation to dismiss all remaining claims and defendants from the action. This meant that the action would proceed only on the retaliation claim against Defendant Baumler as alleged and found cognizable in the Fourth Amended Complaint. The Court also issued an Order finding service of the Complaint appropriate and directed the Clerk of Court to send Plaintiff the appropriate documents to complete in order to have the Fourth Amended Complaint served on Defendant Baumler. Plaintiff completed and returned these documents to the Court on September 7, 2006. This Court adopted the Findings and Recommendations on October 4, 2006, and an Order issued by the Magistrate directing the U.S. Marshal to serve the Fourth Amended Complaint on Defendant Baumler on behalf of Plaintiff. The summons was returned executed on December 26,2006.

On December 26, 2006, Plaintiff filed a Motion to Set Aside the Court's Order adopting the Findings and Recommendations dismissing the Fifth Amended Complaint and re-open that Amended Complaint. During the pendency of this Motion, Defendants filed a Motion to Dismiss the Complaint for Plaintiff's failure to exhaust his administrative remedies. Plaintiff has not yet

filed an Opposition to the Motion.

**B. MOTION FOR RECONSIDERATION**

In the Motion for Reconsideration, Plaintiff states that after reading the Court's Order issued on March 9, 2005, dismissing the Fourth Amended Complaint with leave to amend, Plaintiff feels that the Court's granting his subsequent request for dismissal of all defendants (and the Fifth Amended Complaint filed in the interim) and claims "was not the proper course to take according to the rules and laws mentioned in that Order." Motion at 1. Plaintiff states that the Court's Order dismissing found the Fourth Amended Complaint stated a cognizable claims against Defendants Elliot, Fields, Zinani, and Hartung and also that if Plaintiff could show a rules violation to have been found invalid, he could have a cognizable claim against Defendant Cuevas. Plaintiff states that he now believes that he properly cured these deficiencies in the Fifth Amended Complaint. Plaintiff states that after reviewing the Fifth Amended Complaint carefully and the Court's Order dismissing the Fourth Amended Complaint with leave to amend, he "does not see anything so incorrect that warrants the Court's granting of his request to dismiss the Fifth Amended Complaint and proceed against only Defendant Baumler for retaliation. Plaintiff asks that the Court now allow him to withdraw his prior Motion and resurrect the Fifth Amended Complaint.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

The Court has examined its Order dismissing the Fourth Amended Complaint with leave to amend. This Order clearly informs Plaintiff that he states a cognizable claim against Defendant Baumler for retaliation and also against Defendants Elliot, Fields and Harthung for failure to protect. Plaintiff did not provide sufficient information, however, to allege a claim

against Defendant Cuevas or for violations of due process or the Eighth Amendment.  The Fourth Amended Complaint was therefore, dismissed and Plaintiff given the option of either proceeding on those claims found cognizable and not filing a Fifth Amended Complaint or to file a Fifth Amended Complaint.  As stated above, Plaintiff filed a Fifth Amended Complaint on June 6, 2005.  However, before the Court could conduct a screening of this Complaint, on July 28, 2006, Plaintiff submitted a pleading titled "Motion to Dismiss" in which he states that he wished to "proceed on his claim regarding Defendant Baumler only and wished to voluntarily dismiss the remaining claims and defendants." (Motion to Proceed [Court Doc. 49] at 1.)  The Motion also specifically asks that the Court, because it had not yet screened the Fifth Amended Complaint, "dismiss the Fifth Amended Complaint in its entirety ..." Id. at 2.

      According to the Court docket, on August 16, 2005, the Court construed Plaintiff's Motion to Dismiss as a Notice of his Intent not to file a Fifth Amended Complaint.  (Doc. 45.)  The Court then did as Plaintiff asked by striking the Fifth Amended Complaint from the record and issuing Findings and Recommendations to proceed only on the claim against Defendant Baumler for retaliation.  (Docs. 50, 51.)  Plaintiff alleges now, in the attached declaration, that he now feels the defects found by the Court in its Order dismissing the Fourth Amended Complaint were properly cured by the Fifth Amended Complaint.

      Plaintiff's belief that the defects of his Fourth Amended Complaint were properly cured by the Fifth Amended Complaint and for this reason the Court should reverse itself is not sufficient grounds to warrant granting of reconsideration.  The Court did not screen the Fifth Amended Complaint because Plaintiff moved to dismiss it in its entirety.  Plaintiff also moved to dismiss all claims but that against Defendant Baumler.  The Court granted his request.  It appears that Plaintiff took this course of action to get his case moving along.  Now that service has been ordered and the case is proceeding, Plaintiff seeks to turn the clock back.  As noted by Plaintiff, this case has been pending since 2002 and Plaintiff has had several opportunities to cure his pleading defects which is evidenced by the fact that this case is proceeding on the Fourth Amended Complaint.  This Court cannot delay the case further to allow Plaintiff to terminate the current proceedings to put it back in the position it was more than a year ago simply because he

1 had a change of heart.  In any event, Plaintiff's does not present sufficient grounds to meet any of
2 the requirements of Rule 60(b).  Accordingly, the Motion for Reconsideration of the Court's
3 Order adopting the Findings and Recommendations is DENIED.

**C. ORDER**

The Court HEREBY ORDERS:

1. The Motion for Reconsideration filed on December 26, 2006, is DENIED.

IT IS SO ORDERED.

**Dated:**   **February 25, 2007**            /s/ Oliver W. Wanger
emm0d6                                               UNITED STATES DISTRICT JUDGE