# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEE JENKINS, | CV F   02 5397 LJO SMS P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING MOTION TO DISMISS |
| | (Doc. 34) |
| BAUMLER, et.al., | |
| Defendants. | |

**A. PROCEDURAL HISTORY**

Christopher Lee Jenkins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on April 16, 2002.  On August 12, 2002, Plaintiff filed an Amended Complaint.  Plaintiff moved to submit Second Amended Complaint and lodged the complaint on January 9, 2003.  The Court granted Plaintiff's request and the Second Amended Complaint was filed on April 2, 2003.  Also on April 2, 2003, the Court dismissed the Second

1

1  Amended Complaint with leave to amend.  A Third Amended Complaint was filed by Plaintiff
2  on June 27, 2003.  Plaintiff moved to amend the Third Amended Complaint on September 2,
3  2003.  The request was granted on November 7, 2003, Plaintiff filed a Fourth Amended
4  Complaint.
5       On March 9, 2005, the Court dismissed the Fourth Amended Complaint with leave to
6  amend and informed Plaintiff that he could file a Fifth Amended Complaint curing the defects
7  outlined by the Court, or inform the Court that he wished to proceed on the claims found
8  cognizable and dismiss those not cognizable.
9       On June 6, 2005, Plaintiff filed a Fifth Amended Complaint.  Plaintiff filed a pleading
10 titled "Motion to Dismiss on June 20, 2005, that informed the Court that he did not wish to file a
11 Sixth Amended Complaint.
12      On July 27, 2006, Plaintiff filed a Motion informing the Court that he wished to proceed
13 on the retaliation claim against Defendant Baumler which the Court found cognizable in the
14 Fourth Amended Complaint.  Plaintiff also stated that he wished to dismiss all claims against all
15 other Defendants and also wished the Court to dismiss the Fifth Amended Complaint altogether.
16 The Court issued Findings and Recommendations to grant Plaintiff's request and dismiss all
17 Defendants except Defendant Baumler for a retaliation claim.  These Findings were adopted by
18 the Court on October 4, 2006.  The action is proceeding on Plaintiff's Fourth Amended
19 Complaint against Defendant Baumler for retaliation.
20      On February 6, 2007, Defendants moved to dismiss the action on the grounds that
21 Plaintiff failed to exhaust his administrative remedies.  Although Plaintiff requested an extension
22 of time to file an Opposition, which was granted, no Opposition was filed.
23 **B.  SUMMARY OF FOURTH AMENDED COMPLAINT**
24      In the Fourth Amended Complaint (filed November 7, 2003), Plaintiff alleges that on
25 September 15, 2001, Defendant Baumler, a library technician assistant working at CSATF/SP,
26 Corcoran's Facility E library, warned Plaintiff that it "could be bad for [him] if [he] was to
27 continue with his appeal" he had filed complaining about the law library.  Plaintiff interpreted
28 this to mean that Defendant would put more restrictions on paging system which was already

restricted and that "word could get out" that it was the result of the appeal Plaintiff filed regarding the law library. (Compl. at 7:10-20.)  Plaintiff states that further restrictions *were* put on the law library and prohibited inmates from receiving copies of cases ordered through the paging system. (Compl. at 7:27-8:7.)  Other inmates were told (presumably by Defendant Baumler) that the new restrictions were the result of Plaintiff's refusal to withdraw a grievance regarding the inadequate book collection in the law library. (Compl. at 7:21-24.)  Several inmates confronted Plaintiff and expressed their anger that the restrictions in place were the result of Plaintiff's refusal to withdraw his grievance. (Compl. 8:8-16.)

**C.  MOTION TO DISMISS**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and requires prisoners to complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated,[1] Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (*citing* to Booth, 532 U.S. at 739 n.5). "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required, Woodford v. Ngo, 126 S.Ct. 2378, 2386 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." Id. at 2382.  Finally, exhaustion must occur prior to filing

---

[1] The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1.  The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2004).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Id. (*citing* Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (*per curiam*)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

In this case, Defendants argue that Plaintiff failed to exhaust his administrative remedies with regard to the retaliation allegation against Defendant Baumler. In addition, Defendants state that Plaintiff's inmate appeal was untimely and therefore, was not in compliance with the prisons procedural rules.

The Court rejects Defendants argument regarding the timeliness of Plaintiff's inmate appeal. Although it is true that Plaintiff filed his inmate appeal far beyond the fifteen day deadline imposed, appeals coordinators have the discretion to accept untimely appeals. Cal. Code. Regs., tit. 15, §3084.3(c). It is clear from the evidence provided by the Defendants that despite the delay, Plaintiff's appeal was reviewed at both the informal and first formal levels.

Defendants contention that the claims are unexhausted because Plaintiff did not complete the exhaustion process is more compelling. Mr. Hall, Appeals Coordinator at Corcoran, states in

his declaration that Plaintiff submitted an appeal (Log. No. 02-00128), on January 3, 2002 in which he alleged that prison officials disregarded several "threat" notes written by other prisoners against Plaintiff. Plaintiff stated that the last incident involving a threat occurred on October 13, 2001, nearly three months before Plaintiff filed his appeal. Plaintiff also made reference to his belief that Defendant Jenkins had placed restrictions on access to the paging system of the law library in retaliation for a previous grievance filed Plaintiff.[2] (Exh. A, Motion to Dismiss [hereinafter "Motion".) However, the action requested by Plaintiff was only that the threat notes be produced and an explanation as to why the notes were disregarded be given to him. Id.

On January 14, 2002, Correctional Counselor Dimmer conducted an informal inquiry into alleged staff misconduct. In the investigation, Dimmer interviewed several individuals regarding all of the allegations made by Plaintiff and included an interview of both Plaintiff and Defendant Baumler regarding the law library and retaliation allegation. Mr. Dimmer concluded that Plaintiff's allegations against Defendant Baumler were unsubstantiated and that no further review of the matter was necessary. (Hall Decl. at ¶ 6.)

On February 20, 2002, Correctional Captain D.A. Cuevas and Associate Warden D.L. Cobbs issued a first formal level response to Plaintiff's appeal Log No. 02-00218. (Exh. C, Motion.) The first level response was granted to the extent that an inquiry had been conducted into the alleged misconduct by K.D. Elliott concerning tampering with confidential material. The appeal did not, however, reference the allegations against Defendant Baumler and the adequacy of the law library. (Exh. A at 6, 10-11, Motion.) Plaintiff did not file a second level appeal. (Hall Decl. at ¶ 8.)

Defendant also provides evidence that Plaintiff did not appeal his allegations to the third level. N. Grannis, Chief of the Inmate Appeals Branch states that a search was conducted of all inmate appeals and no appeal concerning the above issues was ever filed or received by Plaintiff. (Grannis Decl. at ¶ 5.)

---

[2] In the Fourth Amended Complaint, Plaintiff states that the law library incident with Defendant Baumler occurred one month prior to the three months time frame Plaintiff states the incidents concerning the "threat" notes occurred - likely September of 2001.

5

1    The Court finds that Defendant has met his burden as the party moving for dismissal on
2 exhaustion grounds.  The burden now shifts to Plaintiff to demonstrate that exhaustion occurred
3 or that an exception exists.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).
4    As indicated above, Plaintiff did not file an Opposition to the Motion to Dismiss and
5 thus, presents no evidence to refute Defendant's contentions.
6    Based on the evidence before the Court, the Court concludes that Plaintiff did not
7 properly exhaust his administrative remedies with respect to his allegations against Defendant
8 Baumler.  Although Plaintiff submitted an appeal on January 1, 2001, the action requested
9 concerned the threat notes and that they were disregarded by prison officials.  (Exh. A at 5,
10 Motion.)  Although Mr. Dimmer conducted an informal investigation into the allegations
11 Plaintiff made in his grievance, including those against Defendant Baumler, he concluded that
12 the allegations were unsubstantiated and that no further action was necessary on the issue.  (Exh.
13 A at 6, 10-11, Motion.)  Plaintiff then appealed to the first formal level.  (Exh. A at 13, Motion.)
14 However, at this level, Plaintiff's allegations concerning the adequacy of the law library and the
15 alleged retaliation by Defendant Baumler were not addressed.  Id.  Although the appeal was
16 granted in part, it was granted only with regard to the fact that an investigation was conducted
17 into the allegations concerning the tampering of material by K.D. Elliott.  Id.
18    Even assuming that Plaintiff's allegations were sufficiently reviewed at the first level,
19 Plaintiff did not file an appeal to the second level or the third, Directors level.  (Hall Decl. at ¶8;
20 Grannis Decl. at 4, 5).  As noted by Defendants, proper exhaustion includes compliance with
21 deadlines and other procedural rules.  Woodford v. Ngo, 126 S.Ct. 2378, 2387-88 (2006).
22 However, Plaintiff did not fully exhaust his administrative remedies within the institution and
23 thus, the claim before the Court is unexhausted and requires dismissal.

24 **D.  ORDER**
25    Accordingly, the Court RECOMMENDS that the Motion to Dismiss the action on the
26 grounds that Plaintiff failed to exhaust his administrative remedies be GRANTED and the case
27 dismissed.
28    The Court HEREBY ORDERS that these Findings and Recommendations be submitted

6

1  to the United States District Court Judge assigned to this action pursuant to the provisions of 28
2  U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States
3  District Court, Eastern District of California.  Within THIRTY (30) days after being served with
4  a copy of these Findings and Recommendations, any party may file written Objections with the
5  Court and serve a copy on all parties.  Such a document should be captioned "Objections to
6  Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served
7  and filed within TEN (10) court days (plus three days if served by mail) after service of the
8  Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
9  § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time
10 may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
11 (9th Cir. 1991).

13 IT IS SO ORDERED.

14 **Dated:   April 2, 2007**                    **/s/ Sandra M. Snyder**
   icido3                                        UNITED STATES MAGISTRATE JUDGE