IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEE JENKINS, | 1:02-cv-05397-LJO-SMS-P |
| Plaintiff, | |
| vs. | ORDER DENYING PLAINTIFF'S SECOND MOTION TO REOPEN CASE (Doc. 80.) |
| DERRAL ADAMS, et al., | |
| Defendants. | |

## I. RELEVANT PROCEDURAL HISTORY

Christopher Lee Jenkins ("plaintiff") is a state prisoner proceeding pro se in this civil rights action. Plaintiff filed the original complaint on April 16, 2002. (Doc. 1.) By August 2, 2006, the case was proceeding on the fourth amended complaint filed by plaintiff on November 7, 2003. (See Docs. 27, 50.) On February 6, 2007, defendant filed a motion to dismiss the fourth amended complaint, based on plaintiff's failure to exhaust administrative remedies. (Doc. 63.) On July 11, 2007, the court issued findings and recommendations, recommending that the motion to dismiss be granted. (Doc. 73.) The District Judge adopted the findings and recommendations on September 25, 2007, dismissing the case. (Doc. 75.) On July 9, 2008, plaintiff filed objections to the findings and recommendations and a motion to reopen the case, which was denied on February 6, 2009. (Docs. 78, 79.)

1

On October 13, 2009, plaintiff filed a second motion to reopen the case. (Doc. 80.) Plaintiff's second motion is now before the court.

## II.     MOTION FOR RECONSIDERATION

### A.     Legal Standards

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. Walker v. Giurbino, 2008 WL 1767040, *2 (E.D.Cal. 2008); United States v. Rezzonico, 324 F.Supp.2d 1112, 1116 (D. Ariz.1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001)

The Local Rules provide that when filing a motion for reconsideration, a party show that the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 78-230(k)(3).

### B.     Discussion

In his second motion to reopen this case, plaintiff presents the same argument used in his first motion to reopen the case, that the court should reconsider its order dismissing this action because he failed to receive the court mail he needed to defend against the motion to dismiss, even though he had notified the court of his changes of address. However, plaintiff has changed his story. Now plaintiff claims that he mailed an opposition to the motion to dismiss to the court in April 2007, along with a notice of change of address to P.O. Box 126963, San Diego, CA 92112. P's Mtn, Doc. 80, at 3-4. The court has no record of receiving such opposition or notice of change of address, and

1  the court questions why plaintiff failed to mention these crucial documents in his first motion.[1]
2  Plaintiff also claims in the second motion that he did not receive copies of the court's orders from his
3  prison file until October 2, 2009, whereas in the first motion plaintiff states that he received and read
4  the copies on June 30, 2008.  P's Mtn, Doc. 80, at 5-6; P's Mtn, Doc. 78, at 2-3.  These discrepancies
5  cast doubt on plaintiff's credibility, and even if plaintiff's new story were entirely true, he has not
6  offered any new evidence or grounds for the second motion that was not before the court in his first
7  motion.  Therefore, plaintiff's second motion shall be DENIED.

**III.   CONCLUSION**

Based on the foregoing, the Court finds that plaintiff has not shown good cause or any new or different facts or circumstances to warrant reconsideration by the court of its order dismissing this action.   Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to reopen this case, filed on October 13, 2009, is DENIED; and
2. No further motions for reconsideration of the court's order dismissing this action shall be considered.

IT IS SO ORDERED.

**Dated:   October 19, 2009**            **/s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE

---

[1] In the first motion, plaintiff claims to have sent a notice of change of address, to 3502 Kurtz St., San Diego, CA 92110, to the court on April 6, 2007, and another notice of change of address, to P.O. Box 121685, San Diego, CA 92112-1685, to the court on May 5, 2007.  P's Mtn, Doc. 78, at 1-2.  Also in the first motion, plaintiff does not claim to have already submitted an opposition and in fact requests leave to file an opposition.  Id. at 3.